LSK&D #: 266-2014 / 4844-5047-5494

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JAMIE HODGES and ON THE MOVE LTD.,

                                          1:20-cv-09878-ALC

                     Plaintiffs,

          -against-

JAMES EARLY, IRISH DANCING TEACHERS
ASSOCIATION OF NORTH AMERICA-MID-
ATLANTIC REGION, INC., MOLLY
KATHLEEN LUTWIN, FRANCIS ACADEMY
OF IRISH DANCE, and KEITH L. LABIS,

                     Defendants.
------------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW ON BEHALF OF DEFENDANT MOLLY KATHLEEN LUTWIN, DOING BUSINESS AS THE FRANCIS ACADEMY OF IRISH DANCE IN SUPPORT OF HER MOTION TO DISMISS

                                             LESTER SCHWAB KATZ & DWYER, LLP
                                             100 Wall Street
                                             New York, New York 10005
                                             (212) 964-6611
                                             Attorneys for Defendant
                                             Molly Kathleen Lutwin, doing business as the
                                             Francis Academy of Irish Dance

Thomas A. Catalano,
Of counsel

## <u>TABLE OF CONTENTS</u>

Page

TABLE OF AUTHORITIES ................................................................................................. ii-iii

PRELIMINARY STATEMENT ............................................................................................... 1

    POINT I ....................................................................................................................................1

        PLAINTIFFS HAVE FAILED TO SHOW THAT THEIR ALLEGATIONS OF
        MALICE ARE PLAUSIBLE ........................................................................................ 1

    POINT II ..................................................................................................................................8

        PLAINTIFFS HAVE NOT OPPOSED LUTWIN'S MOTION TO DISMISS THE
        CLAIMS FOR TORTIOUS INTERFERENCE AS AGAINST HER ............................. 8

CONCLUSION ......................................................................................................................... 8

# <u>TABLE OF AUTHORITIES</u>

Page

**Cases**

*Anas v. Brown*,
   269 AD2d 761 [4th Dept 2000] ............................................... 3

*Biro v. Conde Nast*,
   807 F3d 541 [2 Cir 2015]....................................................... 2

*Boyd v. Nationwide Mut. Ins. Co.*,
   208 F3d 406 (2d Cir. 2000)..................................................... 1

*Chamilia, LLC v. Pandora Jewelry, LLC*,
   2007 WL 2781246 [SDNY Sept. 24, 2007]............................. 4

*Conti v. Doe*,
   2019 WL 952281 [SDNY 2019]............................................. 1

*Dillon v. City of New York*,
   261 AD2d 34 [1st Dept 1999].................................................. 2

*ExpertConnect, LLC v. Fowler*,
   2020 WL 3961004 [SDNY 2020] ........................................... 1

*Hame v. Lawson*,
   70 AD3d 640 [2d Dept 2010] ................................................. 1

*Herlihy v. Metro. Museum of Art*,
   214 AD2d 250 [1st Dept 1995]............................................... 3

*Hillel v. Obvio Health USA, Inc.*,
   2021 WL 229967 [SDNY Jan. 21, 2021] ................................ 2

*Orenstein v. Figel*,
   677 F Supp 2d 706 [SDNY 2009] ........................................... 2

*Pani v. Empire Blue Cross Blue Shield*,
   152 F3d 67 [2d Cir 1998]........................................................ 7

*Qureshi v. St. Barnabas Hosp. Ctr.*,
   430 F Supp 2d 279 [SDNY 2006] ........................................... 3

*Schik v. Miramed Revenue Group, LLC*,
   2020 WL 5659553 [SDNY Sept. 23, 2020]..............................................................................8

*Silverman v. Clark*,
   35 AD3d 1 [1st Dept 2006]..............................................................................................4

*Staehr v. Hartford Fin. Services Group, Inc.*,
   547 F3d 406 [2d Cir 2008]..............................................................................................7

## PRELIMINARY STATEMENT

The reply memorandum of law is submitted on behalf of Defendant Molly Kathleen Lutwin ("Lutwin") doing business as the Francis Academy of Irish Dance in further support of her motion to dismiss the complaint pursuant to Rule 12(b)(6).

## POINT I

### PLAINTIFFS HAVE FAILED TO SHOW THAT THEIR ALLEGATIONS OF MALICE ARE PLAUSIBLE

Plaintiffs' opposition brief fails to establish a plausible basis to allege malice on the part of Lutwin, who communicated the incident only to persons with a common duty or interest. Plaintiffs cite a number of New York state court authorities. But even under the less stringent state law pleading rules a New York court will dismiss a defamation complaint where there is a qualified privilege and the "plaintiff [has] failed to allege any facts from which malice could be inferred and [where plaintiff's] conclusory allegations of malice were insufficient to overcome the privilege." *Hame v. Lawson*, 70 AD3d 640, 641 [2d Dept 2010] (citation and internal quotation marks omitted) (collecting cases).

Plaintiffs rely on *ExpertConnect, LLC v. Fowler*, 2020 WL 3961004, at *3 [SDNY 2020] and *Conti v. Doe*, 2019 WL 952281, at *9 [SDNY 2019] for the proposition that "the Second Circuit has cautioned district courts against dismissing defamation claims based on the common interest privilege when deciding a Rule 12(b)(6) motion, holding that the privilege is better considered on a motion for summary judgment." Ptf. Opp. Br. at 14; *ExpertConnect,* also cited at 2, Statement of Facts.

Plaintiffs' reliance is misplaced. To support that holding *ExpertConnect* and *Conti* both relied upon the pre-*Twombly* case of *Boyd v. Nationwide Mut. Ins. Co.*, 208 F3d 406, 410–11 (2d Cir. 2000), which was abrogated by the Second Circuit in *Biro v. Conde Nast*, 807 F3d 541, 546

[2 Cir 2015] (defamation complaint dismissed under Rule 12(b)(6)): "Relying on *Boyd v. Nationwide Mutual Insurance Company,* which was decided prior to *Iqbal* and *Twombly,* Biro also argues that he was entitled to proceed to discovery [.]" *Id.* at 546. "To the extent that Biro reads *Boyd* as permitting an implausible claim to proceed to discovery, we think *Twombly* rejected this approach." *Id*. Thus, under *Twombly/Iqbal* and *Biro* a motion to dismiss a defamation claim based upon a qualified privilege should be granted in the absence of a plausible allegation of malice. That is the case here.

Plaintiffs contend that because a qualified privilege is an affirmative defense a motion to dismiss may not be granted on qualified privilege grounds. Ptf. Opp. Br. at 14, fn. 4. Plaintiffs are wrong. Plaintiffs have not even attempted to distinguish the cases we cited in the main brief holding that because the "lack of privilege" is one of "the elements of a defamation claim" the existence of a qualified privilege is a valid basis for a motion to dismiss. *Orenstein v. Figel*, 677 F Supp 2d 706, 711 [SDNY 2009], quoting *Dillon v. City of New York*, 261 AD2d 34, 38 [1st Dept 1999] (Main Br. at 7). See also, *Hillel v. Obvio Health USA, Inc.*, 2021 WL 229967, at *10 [SDNY Jan. 21, 2021] (Main Br. at 9-10).

**Plaintiffs have failed to plausibly allege**
**"excessive publication" by Lutwin.**

Plaintiffs cannot seriously deny that Lutwin's emails regarding an apparent sex crime[1] committed against two of her 14 year-old students, sent solely to the Executive Board members

---

[1] Plaintiffs' counsel took no issue with the statement in footnote 2 that Hodges may have violated the federal statute, 18 USCA § 147, *Transfer of obscene material to minors*, but devotes a relatively large portion of their brief discussing how Hodges could not possibly have been guilty of the corollary state statute Penal Law § 235.22, *Disseminating indecent material to minors in the second degree*, a Class D felony, because there was no allegation that Hodges attempted to induce a child to have sex. Ptf. Opp. Br. at 23-24. Plaintiffs' counsel is correct. This inadvertent error by counsel has nothing to do with whether Lutwin acted with actual malice, as plaintiffs' counsel disingenuously suggests. (Penal Law § 235.21, *Disseminating indecent material to*

of her Irish dance regional governing body, the Mid-Atlantic Region, were within the ambit of the common interest privilege. The only other alleged publications by Lutwin were to three United Kingdom nationals who came to the United States to attend an Irish dance event, each of whom was in the business of providing goods and services to the Irish dance community. Compl.¶¶ 68, 69, 70. "Simona Santina Mauriello, who runs an Irish Dance school in the United Kingdom and sells costumes for Irish Dancers" . . . was visiting the United States for an Irish Dance event in Philadelphia"; Ellie O'Sullivan, an Irish Dance performer who lives in the United Kingdom . . . was also visiting the United States for the Irish Dance event in Philadelphia"; and "Rosey Jackson, who lives in the United Kingdom and sells Irish Dance merchandise including wigs . . . was also visiting the United States for the Irish Dance event in Philadelphia." Pltf. Opp. Br. at 12. Each of these women would necessarily have had a compelling interest in knowing that a teacher of Irish dance to children, who also operated an Irish dance summer camp, had sent a pornographic video to children in violation of federal law.

Plaintiffs made no effort to distinguish the cases cited in the main brief holding that the scope of the common interest privilege is broad and "its application is widespread." *Herlihy v. Metro. Museum of Art*, 214 AD2d 250, 259 [1st Dept 1995], Main Br. at 8. The privilege encompasses informal groups of people. *Anas v. Brown*, 269 AD2d 761, 762 [4th Dept 2000]. The "interest or duty" may be "of a moral or social character." *Qureshi v. St. Barnabas Hosp. Ctr.*, 430 F Supp 2d 279, 290-91 [SDNY 2006]. The privilege covers a "conversation between two businesspersons" to discuss protecting themselves "from unethical competition." *Chamilia,*

---

*minors in the second degree*, a Class E felony, would be applicable, except it has been declared unconstitutional, *American Libraries Assn. v. Pataki*, 969 F. Supp. 160 [SDNY 1997].)

*LLC v. Pandora Jewelry, LLC*, 2007 WL 2781246, at *13 [SDNY Sept. 24, 2007], all cited in the Main Br. at 8.

The relationship between Lutwin, as an Irish dance teacher, and the three woman also involved in the Irish dance community "support[s] a reasonable ground for supposing an innocent motive for imparting the information," *Anas, supra*, and were of "a moral or social character", *Qureshi, supra,* and the communication was "intended to protect" children from what appeared to be a sexual predator, *Chamilia, supra.* The privilege should be applied "in circumstances where the alleged defamatory communication itself serves an important public or societal interest" which is certainly the case when children have been sent phonographic material in violation of the law. *Silverman v. Clark*, 35 AD3d 1, 11 [1st Dept 2006], as quoted in the Main Br. at 9.

**There is no plausible basis to allege that Lutwin notified the press about the incident.**

Lutwin's email to the Mid-Atlantic Region occurred on November 24, 2019. Compl. ¶ 4. Plaintiff alleges that 40 days later, on January 3, 2020, he was contacted by Ms. O'Shea Irish Central who informed him she had learned about the allegation from "anonymous sources." Compl. ¶ 75. Plaintiffs have failed to demonstrate any plausible basis to allege that Lutwin notified Kerry O'Shea of the Irish Central, or any other member of the press, about the incident.

Lutwin's communications regarding the incident were limited to the Mid-Atlantic Region Executive Board, and the alleged publications to three women at the Irish Dance event, all of which were subject to the common interest qualified privilege. If her statements were republished to a newspaper by any of those recipients, or anyone that these recipients had informed, Lutwin could not be held liable under the doctrine that a person cannot be liable for

republication of defamatory material unless he or she authorized or intended the republication. Plaintiffs have conceded that this is the law. Ptf. Opp. Br. at 21, 1st para.

Plaintiffs argue: "It is therefore clear that either Ms. Lutwin herself repeated her defamatory statement to Ms. O'Shea, or she repeated the statement to some other person, who in turn then repeated it to Ms. O'Shea at Irish Central." *Id.* As to the former, there is no plausible basis to allege that Lutwin made the statement to Ms. O'Shea. As to the latter, any such republication by cannot give rise to liability as against Lutwin because all of her communications regarding the incident were subject to the common interest privilege, and there is no plausible basis to allege that she authorized or intended any republication by those recipients to the news media or any other person.

**There no plausible basis to allege that Lutwin knew that the statements were false.**

Plaintiffs contend:  "The Complaint also alleges that Defendant Lutwin ***knew*** that the defamatory statements she made about the Plaintiffs were false – which is sufficient to establish malice." Ptf. Opp. Br. at 17 (emphasis in original). The mere allegation that a defendant "knew" a statements was false, without more, is insufficient to state a claim under *Twombly/Iqbal*.

In *Biro,* the plaintiff alleged that the republishers " 'knew or should have known' that many of the statements of fact in the Article 'were false,' and that they 'published [the statements] . . . notwithstanding that knowledge.' " The Second Circuit held "that nearly all of Biro's allegations against the republisher defendants LBM, Johnson, and YUP are conclusory. We agree with the District Court that any remaining nonconclusory allegations against these defendants are inadequate to state a plausible claim for relief." *Id*. at 547. The same is true in the case at bar.

5

**There is no plausible basis to allege that
Lutwin is a competitor of plaintiffs.**

In a desperate attempt to fabricate a plausible allegation of malice plaintiffs insinuate that Lutwin concocted the entire incident, even to the point of falsely reporting it to the Mid-Atlantic Region, which in turn notified law enforcement authorities, simply because she receives "compensation" in the form of referral fees from a summer camp that competed with plaintiffs' summer camp: "Among other things, Defendant Lutwin sends dozens of her students to Camp Rice Ceol, and receives compensation as a result of making these referrals." Compl. ¶¶ 37, 38, 51. In their opposition to the motion, plaintiffs double-down and now refer to the camp as the "Lutwin Defendants' camp." "The Lutwin Defendants' Irish Dance camp conducts camps in New York, New Jersey and Pennsylvania." Ptf. Opp. Br. at 17, fn. 5.

This allegation borders on pure fantasy. There is no plausible factual basis for the allegation that Lutwin receives "compensation" or any other thing of value from Camp Rice Ceol or any other summer camp. If this allegation had any factual basis it would have been a simple matter for plaintiffs to have specifically alleged how they learned that Lutwin received "compensation" for her referrals to Camp Rice Ceol. There are no such allegations in the complaint.

**The court may take judicial notice that
Lutwin is a "mandated reporter" under
the New York Social Services Law.**

Plaintiffs argue that Lutwin "improperly raises facts outside of the complaint" because her Statement of Facts stated that she is a "mandated reporter" under N. Y. Social Services Law § 413(1)(a). Ptf. Opp. Br. at 24-25. The complaint alleges that Lutwin is the owner of an Irish dance school. Compl. ¶ 16. The court may therefore take judicial notice that Lutwin, as the

6

proprietor of a school, is a mandated reporter under N. Y. Social Services Law § 413(1)(a).[2] "It is well established that a district court may rely on matters of public record in deciding a motion to dismiss under Rule 12(b)(6), including case law and statutes." *Pani v. Empire Blue Cross Blue Shield*, 152 F3d 67, 75 [2d Cir 1998]. On a Rule 12(b)(6) motion matters of which the court may take judicial notice are not considered "matters outside the pleadings." *Staehr v. Hartford Fin. Services Group, Inc.*, 547 F3d 406, 426 [2d Cir 2008] (citations and internal quotation marks omitted).

The statement that Lutwin was a mandated reporter is only contained in the Statement of Facts of the main brief to support her position that her emails to the Mid-Atlantic Region Executive Board were in furtherance of her obligation as a mandated reporter, and therefore indisputably covered by the common interest privilege. Main Br. at 4-5. Lutwin's motion to dismiss was based solely upon the lack of any plausible allegation of malice and that the tortious interference claim was duplicative of the defamation claim. Main Br., Points I and II. Lutwin did not move to dismiss the complaint based upon the immunity provisions of N. Y. Social Service Law § 419(a).

Even though this motion to dismiss obviously is not based upon the immunity provision of Social Services Law § 419(a) plaintiffs pretend as if it was: "the Lutwin Defendants' contention (only stated in their statement of facts, not in the argument section of the brief) that

---

[2] § 413. Persons and officials required to report cases of suspected child abuse or maltreatment, 1. (a) The following persons and officials are required to report or cause a report to be made in accordance with this title when they have reasonable cause to suspect that a child coming before them in their professional or official capacity is an abused or maltreated child, . . . school official, which includes but is not limited to school teacher, school guidance counselor, school psychologist, school social worker, school nurse, school administrator or other school personnel required to hold a teaching or administrative license or certificate; full or part-time compensated school employee required to hold a temporary coaching license or professional coaching certificate; . . . [.]

Defendant Lutwin's statements are 'mandated reports' protected under New York Social Services Law, is utterly baseless, particularly at the motion to dismiss stage."

Plaintiffs' counsel is arguing against a defense that has not been asserted in the motion. This is nothing other than a strawman argument that should be disregarded by the court.

### POINT II

### PLAINTIFFS HAVE NOT OPPOSED LUTWIN'S MOTION TO DISMISS THE CLAIMS FOR TORTIOUS INTERFERENCE AS AGAINST HER

Plaintiffs have conceded that they have failed to state a claim for tortious interference with prospective business relations as against Lutwin, and that their claim pertains only to co-defendant Early. Ptf. Opp. Br. at 25, fn. 8. "It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claims." *Schik v. Miramed Revenue Group, LLC*, 2020 WL 5659553, at *7 [SDNY Sept. 23, 2020] (collecting cases).

Accordingly, plaintiffs' claim for tortious interference with prospective business relations as against Lutwin should be dismissed.

### CONCLUSION

For the reasons stated above and in the main brief, Lutwin's motion to dismiss the complaint should be granted.

Dated:       New York, New York
             April 26, 2021

Respectfully submitted,

LESTER SCHWAB KATZ & DWYER, LLP

/s/Thomas A. Catalano

_____

Thomas A. Catalano
Attorneys for Defendant Molly Kathleen Lutwin d/b/a
Francis Academy of Irish Dance s/h/a Molly Kathleen
Lutwin and Francis Academy Of Irish Dance
100 Wall Street
New York, New York 10005
(212) 964-6611

TO: All counsel of record by ECF